UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL W. BACK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL NO. 2:07cv207 |
| TRANS UNION LLC, et al., | ) ) ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the plaintiff, Michael W. Back ("Back"), on December 11, 2007. The defendant, Trans Union, LLC ("Trans Union"), filed a response on December 31, 2007 and also filed, in the alternative, a cross-motion for sanctions. On February 1, 2008, Back filed a reply in support of his motion to dismiss and also filed an opposition to Trans Union's motion for sanctions. Trans Union filed its reply in support of motion for sanctions on February 12, 2008.

For the following reasons, the motion to dismiss will be granted with prejudice, and the motion for sanctions will be denied.

Discussion

On June 11, 2007, Back filed an amended complaint in Lake Superior Court against Trans Union and others. On June 22, 2007, Trans Union removed the case to this court. Back's complaint alleges, inter alia, that Trans Union incorrectly reported tax liens on Back's credit report. Back disputed that these amounts were owed, and that any amounts he owed to the Indiana Department of Revenue were paid by a check delivered on or about October 15, 2001. Back further alleges that he attempted to resolve this matter with Trans Union and requested that

they investigate and correct the credit report, to no avail.

On December 11, 2007, Back filed a motion requesting this court to dismiss this case, without prejudice. Back did not provide any explanation for his request for dismissal, nor explain why the case should be dismissed without prejudice.

Trans Union strongly objects to dismissal without prejudice and claims, in the alternative, that Back's conduct is sanctionable pursuant to 28 U.S.C. § 1927 of the Federal Rules of Civil Procedure. Trans Union asserts that Back knew a valid tax lien was reported on his credit report, knew he did not pay the tax lien, and merely filed suit "to use nuisance leverage" in an attempt to have accurate items removed from his credit report. Trans Union further accuses Back of refusing to cooperate in discovery, continuing his case for more than a year despite knowing that it lacked merit both factually and legally, and then finally seeking dismissal only after Trans Union produced evidence from the Indiana Department of Revenue which conclusively established the accuracy of the tax lien.

Back denies all wrong-doing and accuses Trans Union of over-zealous advocacy. Back recites his various attempts to settle this matter with Trans Union and states that Trans Union advised him that it "does not settle or compromise lawsuits related to the Fair Credit Reporting Act". Back claims that all he wanted to know was what information Trans Union had in its possession that would cause it to make a derogatory credit report. Back also alleges that Trans Union failed to respond to formal discovery requests. Back acknowledges that "on or about December 5, 2007, Trans Union submitted to Back documentation that it had obtained from the Indiana Department of Revenue (" IDR") through an Order of this Court." Back reiterates that "up to that point, Trans Union had never provided any information to Back as to how it had

2

reinvestigated Back's credit information after the date of the filing of his lawsuit in November 2006." Back maintains that the information in his possession, i.e., a check payable to the IDR and a letter from the IDR showing that no taxes were due, was proof enough for Back to believe that no tax obligation was owed.

After receiving the information he desired from Trans Union in December 2007, Back indicates that he elected to dismiss this lawsuit because, as a practical matter, he had already prevailed with his arguments with Experian and Equifax and had no need to continue costly litigation with Trans Union. Back contends that he would have prevailed on his claim against Trans Union for its failure to reinvestigate, and that his decision to dismiss the lawsuit should not be construed as an admission that he would lose the suit. However, Back does not explain why he requested that the suit be dismissed without prejudice.

In its reply in support of its motion for sanctions, Trans Union denies failing to participate in good faith settlement discussion and asserts that it complied in all respects with the requirements of the Fair Credit Reporting Act.

This court has reviewed the evidence submitted by the parties. It is clear that Back, who is an attorney[1], had at least some reason to believe that he had a basis for requesting that Trans Union investigate the reporting of a tax lien on his credit report. In fact, he was apparently able to convince the other two credit reporting agencies to delete the lien from their reports. It also seems clear that Trans Union's claim that Back was attempting to "scrub" his credit is a bit far-fetched. The tax lien at issue is very small compared to Back's reported income. Moreover, Back's credit, as reported by Trans Union, appeared to be very healthy at the time the tax lien

---

[1] Back did not, however, represent himself in this lawsuit.

was reported.  There is no evidence that Back's credit report was in need of any "scrubbing", although it was well within Back's rights to request an investigation of any item he felt was improperly reported.  Finally, after receiving the information he initially requested, Back filed the present motion to dismiss his claims against Trans Union.

Accordingly, this court finds that Back's behavior in this case does not warrant sanctions.  The record reflects that Back responded to Trans Union's discovery requests, albeit not as fully as Trans Union desired.  Back clearly stood his ground in this case, but as a plaintiff he is the master of his own lawsuit.  Trans Union had the option of settling this rather minor tax lien issue with Back and reducing its litigation costs.   However, Trans Union chose to continue with the litigation, even after Back filed a motion to dismiss.  For a business such as Trans Union, litigation costs are undoubtedly an expected cost of doing business, and it cannot now shift its costs to Back simply because it continues to believe that it would have prevailed in the end.  One party prevails in every lawsuit and that is simply not a basis (without further statutory authority) to shift fees and costs.  28 U.S.C. § 28, the statute Trans Union relies on in its attempt to recover fees and costs, only applies when an attorney (not a party) "so multiplies the proceedings in any case unreasonably and vexatiously".   There is absolutely no evidence in this case that Back's attorney in this case unreasonably and vexatiously multiplied the proceedings in this case.  In fact, the entire docket in this case is only 28 entries long[2], out of which ten entries occurred <u>after</u> the motion to dismiss was filed.

Accordingly, Trans Union motion for sanctions will be denied.  As Back has not

---

[2] The state court docket is similarly short, containing only 39 entries, the vast majority of which are administrative/clerical in nature.

4

provided any basis for dismissing the case without prejudice, and he has acknowledged that he no longer has any real need to pursue litigation against Trans Union over the issues raised in this case, the court will dismiss the complaint with prejudice.

## Conclusion

On the basis of the foregoing, Back's motion to dismiss is hereby GRANTED, and this case is DISMISSED WITH PREJUDICE.  Additionally, Trans Union's motion for sanctions is hereby DENIED.

Entered: April 14, 2008.

> s/ William C.  Lee
> William C. Lee, Judge
> United States District Court